# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROGER WAYNE REESE, )
)
      Petitioner, )
)
vs. ) Case No. 06-CV-653-TCK-FHM
)
JUSTIN JONES, Director of ODOC, )
)
      Respondent. )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus (Dkt. # 1). Respondent filed a response (Dkt. # 10) and provided the state court records (Dkt. #s 10, 11, 12) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

During the early morning hours of August 8, 2002, a man entered the Creek County home of Brandy Lloyd without her permission and while she was sleeping with her three and a half year old daughter. The man proceeded to rape her. Petitioner Roger Wayne Reese was arrested in connection with those events and charged with First Degree Burglary (Count 1) and First Degree Rape (Count 2), in Creek County District Court, Case No. CF-2002-142. He was tried by a jury and found guilty as charged. On March 3, 2004, the trial court sentenced Petitioner in accordance with the jury's recommendation to seven (7) years imprisonment on Count 1 and to thirteen (13) years imprisonment on Count 2, to be served consecutively. Petitioner was represented at trial by attorney Jason Serner.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner was represented by attorney Billy J. Baze. He raised five (5) propositions of error as follows:

> Proposition 1: The trial court erred by admitting DNA evidence that's [sic] probative value was far outweighed by its prejudicial effect.
>
> Proposition 2: The trial court erred in permitting the in-court identification of Appellant because it was the result of an inherently suggestive identification procedure.
>
> Proposition 3: The trial court committed reversible error by allowing the State to introduce a mug shot photograph of Appellant.
>
> Proposition 4: The evidence was insufficient to sustain Appellant's convictions for burglary and rape.
>
> Proposition 5: The cumulative effect of all the errors deprived Appellant of a fair trial.

(Dkt. # 10, Ex. 1). In an unpublished summary opinion, filed March 23, 2005, in Case No. F-2004-238, the OCCA determined that Petitioner was not entitled to relief on his claims and affirmed the Judgment and Sentence of the trial court. (Dkt. # 10, Ex. 3). Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court.

On October 6, 2005, Petitioner filed an application for post-conviction relief. See Dkt. # 10, Ex. 4. He identified three (3) claims, as follows:

> 1. Appellate counsel was ineffective for failing to investigate and raise the issue of ineffective assistance of trial counsel for failing to investigate into and raise the defense of "alibi" and then call the "alibi" witnesses in said defense at trial. Amends. 5, 6, 14.
>
> 2. Ineffective appellate counsel for failing to investigate into and raise the issue of ineffective assistance of trial counsel for failing to investigate into and challenge the jury foreman during voir dire for bias and/or partiality. Amends. 5, 6, 14.
>
> 3. Ineffective assistance of appellate counsel for failing to investigate and raise the issue of ineffective assistance of trial counsel for refusing/failing to pursue

2

unapproved private communication, contact and tampering with the jury during deliberations on direct appeal.

(Dkt. # 10, Ex. 4). On April 20, 2006, the trial court held a hearing on the claims raised in the application. See Dkt. # 10, Ex. 5. Petitioner was represented by attorney William Erickson at the post-conviction hearing. By Order filed August 4, 2006, see Dkt. # 10, Ex. 6, the trial court denied post-conviction relief. Petitioner perfected a post-conviction appeal in the OCCA. See Dkt. # 10, Ex. 7. By Order filed October 4, 2008, the OCCA affirmed the trial court's denial of post-conviction relief. See Dkt. # 10, Ex. 8.

Petitioner filed the instant habeas corpus action on November 27, 2006 (Dkt. # 1). He identifies seven (7) grounds of error, as follows:

> Ground 1: The trial court erred by admitting DNA evidence that's [sic] probative value was far outweighed by it's [sic] prejudicial effect.
>
> Ground 2: The trial court committed error in permitting the in-court identification of Petitioner because it was the result of an inherently suggestive identification procedure.
>
> Ground 3: The trial court committed reversible error by allowing the State to introduce a mug shot photograph of the Petitioner at trial which removed the Petitioner's "presumption of innocence" which he was supposed to be cloaked with.
>
> Ground 4: The evidence was insufficient to sustain the Petitioner's convictions for burglary and rape, especially for the conviction of 1st degree rape where absolutely no evidence corroborated the Prosecutrix['s] inconsistent prior statements and testimony.
>
> Ground 5: The cumulative effect of all the errors deprived the Petitioner of a "fair trial."
>
> Ground 6: The Petitioner received ineffective assistance of trial counsel by the trial counsel's failure to take the simple steps to investigate and call to testify at trial key material witnesses who would provide a strong and sound alibi defense which proved his factual innocence.

Ground 7:    The Petitioner received ineffective assistance of appellate counsel by his failure to take the simple steps to investigate the Petitioner's claims of ineffective assistance of trial counsel for trial counsel's failure to investigate and call pivotal "alibi" witnesses who would have placed the Petitioner at a different location over three (3) miles away from the alleged crime scene on the date and the very time of the alleged burglary and 1st degree rape which would have proved the Petitioner's factual innocence for either offense.

(Dkt. # 1). In response to the petition, Respondent contends Petitioner is not entitled to habeas corpus relief and that the petition should be denied. See Dkt. # 10.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas corpus relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In

4

this case, the OCCA adjudicated Petitioner's grounds 1-5 on direct appeal. In addition, the OCCA adjudicated on post-conviction appeal Petitioner's claims of ineffective assistance of trial and appellate counsel related to trial counsel's failure to present alibi evidence. Therefore, Petitioner's habeas claims shall be reviewed pursuant to § 2254(d).

**1. Evidentiary rulings (grounds 1 and 3)**

In his first and third grounds of error, Petitioner challenges evidentiary rulings by the trial court. In his first ground of error, Petitioner claims that the trial court erred in admitting DNA evidence. As his third ground of error, Petitioner asserts that the trial court improperly admitted his mug shot photograph. On direct appeal, the OCCA found that the trial court did not abuse its discretion in admitting the DNA evidence and that the "DNA evidence was also more probative than prejudicial." See Dkt. # 10, Ex. 3. As to Petitioner's claim that his mug shot was improperly admitted, the OCCA cited Ingram v. State, 755 P.2d 120 (Okla. Crim. App. 1988), and applied a balancing test to determine that Petitioner's "mug shot was properly admitted to show his appearance at the time of the offense and did not suggest that he had a prior criminal record." See Dkt. # 10, Ex. 3. The OCCA also found that "the trial court further alleviated any possible prejudice from the admission of Reese's mug shot by admonishing the jury not to consider it as evidence of guilt." Id.

"In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks,

5

143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (*en banc*)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Tome, 3 F.3d 342, 353 (10th Cir. 1993) (quoting United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted)), *rev'd*, 513 U.S. 150 (1995).

After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claims on direct appeal was neither contrary to, nor an unreasonable application of, these general principles. Even if the challenged evidence were improperly admitted, the admission of the evidence did not render Petitioner's trial fundamentally unfair. The DNA evidence in this case was weak.[1] In fact, the record reflects that in his closing argument, defense counsel cited to both the weaknesses of the DNA evidence and the mug shot photograph as supporting Petitioner's defense of misidentification.[2] See Dkt. # 12, Tr. Trans. at 387-88. In addition, when the mug shot was introduced by the prosecutor, the trial court judge instructed the jury concerning the limited use of the photograph by issuing the following admonishment:

> Ladies and gentlemen, what you are about to see is a booking photo. You remember when we started this I told you the mere fact that a [sic] Information had been filed was no evidence of the commission of a crime. The mere fact that this gentleman

---

[1] A partial DNA profile was obtained from one of four swabs taken from the victim's breast or cheek. See Dkt. # 12, Tr. Trans. at 329-30. Although the victim's husband could be excluded, neither Petitioner nor the victim could be excluded as the donor of the DNA. Id. at 330. The only seminal fluid or spermatozoa recovered came from the bed sheet where the rape occurred. Id. at 323. That sample matched DNA belonging to the victim's husband. Id. at 326.

[2] The victim testified that she thought her cat may have scratched the assailant's face. See Dkt. # 12, Tr. Trans. at 193. There is no sign of a scratch on the mug shot photograph of Petitioner. See Dkt. # 10, Ex. 12. During his closing argument, defense counsel stated he was glad the mug shot was admitted into evidence because it shows no cat scratch. See Dkt. # 12, Tr. Trans. at 387.

>happens to be in a jail setting or perhaps even wearing some kind of jail-supplied jumpsuit shouldn't be taken as proof that he's guilty, do we all agree on that?

(Dkt. # 12, Tr. Trans. at 300). The trial court's strong admonishment to the jury concerning the mug shot was sufficient to cure any error. See Welch v. Sirmons, 451 F.3d 675, 691 (10th Cir. 2006); Patton v. Mullin, 425 F.3d 788, 800 (10th Cir. 2005). There is a general presumption that a jury follows a trial court's instructions. Greer v. Miller, 483 U.S. 756, 766 n.8 (1987) (stating "[w]e normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant" (internal citations omitted)); Battenfield v. Gibson, 236 F.3d 1215, 1225 (10th Cir. 2001) (citing Weeks v. Angelone, 528 U.S. 225 (2000)). After reviewing the transcripts, the Court finds Petitioner's trial was not rendered fundamentally unfair as a result of the admission of the DNA evidence and his mug shot photograph. Petitioner is not entitled to habeas corpus relief on either ground 1 or ground 3 of the petition. 28 U.S.C. § 2254(d).

**2. In-court identification (ground 2)**

As his second ground of error, Petitioner claims that his in-court identification was tainted by an inherently suggestive identification procedure and should have been suppressed. See Dkt. # 1. The OCCA noted that "[s]hortly after the crime, the victim gave an accurate description of Reese's appearance and clothing. The victim never wavered from her identification, which was based upon her observations of Reese at the time of the crime." See Dkt. # 10, Ex. 3. Upon consideration of those facts, the OCCA rejected this claim, finding that "based upon the totality of the circumstances, the victim's identification of Reese at trial was reliable." See id.

As the Supreme Court stated in Manson v. Brathwaite, 432 U.S. 98 (1977), "the admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." Id. at 106. A reliability determination requires an inquiry into the totality-of-the-circumstances. Neil v. Biggers, 409 U.S. 188, 196 (1972). "The factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation." Manson, 432 U.S. at 114; see also Biggers, 409 U.S. at 199-200.

The OCCA's finding that the in-court identification was properly admitted does not reflect an unreasonable application of Biggers to the facts of this case. Application of the Biggers factors weighs strongly in favor of the reliability of the victim's identification. She was with her attacker for more than one (1) hour and viewed him, including his face, two times during the attack, see Dkt. # 12, Tr. Trans. at 179, 196. She paid enough attention to her attacker to be able to describe details of his appearance, including the color and length of his hair, his height, weight, and build, and that he was "kind of scruffy in the face"; that he smelled of alcohol and onions; she also described the clothes he was wearing, id. at 180. She knew that her attacker spoke with a southern accent and was not Hispanic, id. at 219. She never wavered in her identification of Petitioner as the man who raped her and burglarized her home. Id. at 187; Mot. Hr'g Trans. dated Oct. 15, 2003, at 11. At the hearing held on Petitioner's motion to suppress identification, the victim testified that she was "sure" Petitioner was her attacker. See Mot. Hr'g Trans. dated Oct. 15, 2003, at 11. Only about twelve (12) hours had passed between the burglary and rape and the victim's initial identification of Petitioner

8

as her attacker, see id. at 10. Under the "totality of the circumstances," the likelihood of an irreparable misidentification was not substantial. The Court finds that the OCCA's adjudication of this claim on direct appeal was not "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Therefore, Petitioner is not entitled to habeas corpus relief on this claim.

### 3. Sufficiency of the evidence (ground 4)

As his fourth proposition of error, Petitioner claims that the State presented insufficient evidence to support his convictions of First Degree Burglary and First Degree Rape. On direct appeal, the OCCA determined that because "[t]he victim positively identified Reese as her attacker and other compelling circumstantial evidence established his built for the Rape and the Burglary," the evidence was sufficient. See Dkt. # 10, Ex. 3.

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004). Under either standard, Petitioner's claim in this case fails.

9

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of First Degree Burglary and First Degree Rape applicable to the sufficiency of the evidence standard. See, e.g., Spears, 343 F.3d at 1238; see also Jackson, 443 U.S. at 324 n.16. Under Oklahoma law, Petitioner could not be convicted of First Degree Burglary unless the State proved beyond a reasonable doubt the following elements: (1) breaking; (2) entering; (3) a dwelling; (4) of another; (5) in which a human is present;

(6) with intent to commit some crime therein. See Okla. Stat. tit. 21, § 1431; see also OUJI-CR 2d 5-12. Petitioner could not be convicted of First Degree Rape unless the State proved beyond a reasonable doubt the following elements: (1) sexual intercourse; (2) with a person who was not the spouse of the defendant; (3) where force/violence was threatened against the victim/another person and the defendant had the apparent power to carry out the threat of force/violence. See Okla. Stat. tit. 21, § 1111(A)(3), 1114(A)(5); see also OUJI-CR 2d 4-120.

In this case, the jury heard the victim testify that on August 8, 2002, a man broke into her house and raped her while her daughter was sleeping with her in bed. See Dkt. # 12, Tr. Trans. at 173. The victim's husband was not home at the time. Id. at 172. The intruder told her to be quiet and he would not hurt her or her daughter. Id. at 175. She testified that he put his penis in her vagina. Id. at 209. She also testified that her doors and windows were locked before she went to bed that night. Id. at 198. She identified Petitioner as the man who raped her. Id. at 187. John Davis, a deputy with the Creek County Sheriff's Office, testified that the screen from the kitchen window of the victim's home had been removed, and that both panes of the window were open. Id. at 291. Significant circumstantial evidence linked Petitioner to the crime. The vehicle he was driving that night was found crashed within a half mile of the victim's home. Id. 295. The vehicle's lights were on when officials searched it indicating it was only recently abandoned. Id. at 230. Law enforcement officers found Budweiser beer in the crashed vehicle along with onion-flavored "Funyun" snacks. Id. 234, 270, 292. The victim testified that her assailant smelled of alcohol and onions. Id. at 175, 180.

The Court concludes that the evidence cited above, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential

elements of First Degree Burglary and First Degree Rape beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). The Court finds habeas corpus relief shall be denied on this claim.

### 4. Cumulative error (ground 5)

In ground 5, Petitioner asserts that the cumulative effect of all the errors deprived him of a "fair trial." On direct appeal, the OCCA rejected this claim, citing Walker v. State, 887 P.2d 301, 314 (Okla. Crim. App. 1994), for the proposition that there can be no cumulative error unless there is individual error.

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's habeas claims, the Court finds no basis for a cumulative error analysis. The OCCA's resolution of Petitioner's cumulative error claim was not an unreasonable application of federal law. Petitioner is not entitled to relief on this ground.

### 5. Ineffective assistance of counsel (grounds 6 and 7)

As his sixth ground of error, Petitioner complains, as he did on post-conviction appeal, see Dkt. # 10, Ex. 7, that his trial counsel provided ineffective assistance when he failed to investigate

12

and introduce alibi evidence. In his seventh ground of error, he further claims that appellate counsel provided ineffective assistance in failing to raise his claim of ineffective assistance of trial counsel on direct appeal. See Dkt. # 1. As a result of counsels' deficiencies, Petitioner claims to have suffered prejudice. Id. Petitioner raised these claims in an application for post-conviction relief. See Dkt. # 10, Ex. 4. After appointing counsel for Petitioner and conducting a hearing on the application, see Dkt. # 10, Ex. 5, the trial court denied the application for post-conviction relief, see id., Ex. 6. Petitioner appealed. On post-conviction appeal, the OCCA, citing Strickland v. Washington, 466 U.S. 688, 689 (1984), considered and rejected Petitioner's claims, stating that "we find nothing in the appeal record presented to this Court indicating that Petitioner's representation either at trial or on appeal was deficient or that he suffered any prejudice as a result of counsel's representation." See Dkt. # 10, Ex. 8.

To be entitled to habeas corpus relief on his claims of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense

after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Upon review of the record in this case, the Court finds Petitioner has failed to establish that the OCCA's adjudication of the claims of ineffective assistance of trial and appellate counsel was an unreasonable application of Strickland. The record reflects that prior to trial, Petitioner's attorney filed a "Notice of Alibi." See Dkt. # 10, Ex. 11. In that notice, counsel identified the potential alibi witnesses and their anticipated testimony.[3] That record demonstrates that, contrary to Petitioner's allegations, his trial counsel did investigate and was aware of the alibi defense. At the hearing on the claims of ineffective assistance of counsel raised in the application for post-conviction relief, Petitioner's trial counsel, Jason Serner, testified that he was prepared to present the alibi defense but that he made a tactical decision not to put on the alibi evidence. See Dkt. # 12, Trans. Post-Conviction Hr'g at 15-20. Serner testified he advised Petitioner that if he had taken the stand, it may have opened the door for the State to present some character evidence. Id. at 19. He also testified that after discussing the issues, Petitioner agreed not to put on the alibi evidence and to not take the

---

[3] The alibi witnesses identified in the "Notice of Alibi" were Petitioner's wife, Crystal Reese; his mother-in-law, Barbara Kidwell; his daughter, Tiffany Reese; and his son Robert Reese. See Dkt. # 10, Ex. 11. They were expected to testify that Petitioner was at home at the time of the crimes. Id.

14

stand. Id. at 20. The Court cannot find that trial counsel's tactical decision falls below objective standards of reasonableness. See Gilson v. Sirmons, 520 F.3d 1196, 1247 (10th Cir. 2008).

Moreover, even if, arguendo, the Court were to conclude that trial counsel's performance was not objectively reasonable, Petitioner cannot meet the prejudice prong of the Strickland test. As indicated above, to demonstrate prejudice, Petitioner must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" United States v. Owens, 882 F.2d 1493, 1501 (10th Cir. 1989) (quoting Strickland, 466 U.S. at 693-94); see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) ("the 'prejudice' component of the Strickland test . . . focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair"). Petitioner has not met this standard. The prosecution introduced circumstantial evidence demonstrating that Petitioner was the man who broke into the home of Brandy Lloyd and raped her. Furthermore, Ms. Lloyd never wavered in her identification of Petitioner as the man who raped her. Petitioner has failed to demonstrate that the result of his trial was unreliable because counsel failed to introduce the alibi evidence. Therefore, he has not satisfied the prejudice prong of the Strickland standard.

The Court concludes that the OCCA's decision was not so demonstrably incorrect as to be an objectively unreasonable application of Strickland. See Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (when state court's application of Strickland is challenged, "it must be shown to be not only erroneous, but objectively unreasonable"). Accordingly, the Court finds Petitioner is not entitled to habeas relief on this claim of ineffective assistance of trial counsel.

15

The Court also finds that Petitioner is not entitled to habeas relief on his claim of ineffective assistance of appellate counsel. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

Petitioner's appellate counsel, Billy Baze, testified at the post-conviction hearing that he was aware of the alibi defense and discussed the matter with trial counsel before filing Petitioner's direct appeal brief. See Dkt. # 12, Trans. Post-Conviction Hr'g at 27, 30-32. He specifically stated that he did not raise the claim of ineffective assistance of trial counsel for failing to present the alibi evidence at trial because he did not feel he could satisfy the prejudice prong of the Strickland standard. See id. at 32. Significantly, the Court has determined above that Petitioner has not demonstrated that trial counsel provided ineffective assistance in deciding not to put on the alibi evidence. As a result, Petitioner cannot demonstrate that appellate counsel provided ineffective

16

assistance in failing to raise this claim on direct appeal. Hawkins, 185 F.3d at 1152. The Court concludes that the OCCA's decision was not so demonstrably incorrect as to be an objectively unreasonable application of Strickland. Accordingly, the Court finds Petitioner is not entitled to habeas relief on this claim of ineffective assistance of appellate counsel.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate Judgment shall be entered in this case.

DATED THIS 16th day of March, 2010.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE